UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELECTRIC INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>CLARENCE ELGIN *and*<br>ALEXIS SHOPE,<br><br>        Defendants. | Case No. 3:11-cv-00929-JPG-SCW |

## MEMORANDUM & ORDER

This matter is before the Court on Plaintiff Electric Insurance Company's motion for default judgment as to Alexis Shope (Doc. 19). Plaintiff Electric Insurance Company (hereinafter also referred to as "Electric") has filed a declaratory judgment action to have its rights determined with respect to a contract of insurance between it and Defendant Clarence Elgin, (hereinafter also referred to as "Elgin") (Doc. 7).  Electric seeks a declaration it has no duty to defend or indemnify any defendant for any liability arising out of the lawsuit and causes of action alleged in Cause No. 11-L-30 ("Shope Litigation"), originally filed in the Circuit Court of Jefferson County, Illinois by Defendant Alexis Shope.

Defendant Alexis Shope was served with a Summons and a copy of Plaintiff's Amended Complaint for Declaratory Judgment on January 10, 2012 (Doc. 12).  She failed to respond or otherwise defend as provided by the Federal Rules of Civil Procedure.  Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of the Court made an entry of default as to Alexis Shope on February 29, 2012 (Doc. 17).

On June, 27, 2011, Shope filed a lawsuit against Elgin seeking damages for injuries to her leg and ankle, allegedly as a result of a July 8, 2009 incident, occurring in the home of Elgin at

1

15870 North Harmony Lane, in Mount Vernon, Illinois, wherein Shope allegedly slipped and fell.  The Petition alleges that Elgin was negligent in failing to maintain a walkway through the kitchen of his home and in allowing dog bones to accumulate on the floor, which allegedly caused Shope to fall and injure herself on July 8, 2009.

Electric Insurance issued to Elgin Homeowner's Insurance Policy, No. 6161528H1 for the residence located at 15870 N. Harmony Lane, Mount Vernon, Illinois, with a policy period of March 28, 2009, to March 28, 2010.  Under the terms of the Policy, bodily injury to Elgin, his relatives, or anyone under the age of 21 who resides at the residence and is under the care of Elgin or his relatives is excluded from coverage.

Shope is the daughter of Elgin's wife, Melanie Elgin.  Shope was a resident of 15870 North Harmony Lane, Mount Vernon, Illinois on July 8, 2009.  An Admission Record from Good Samaritan Hospital dated July 8, 2009, and pertaining to the same ankle injury for which Shope seeks to recover in the Shope Litigation, lists Shope's Address as 15870 North Harmony Lane, in Mount Vernon, Illinois.  Elgin gave a recorded statement to Electric Insurance on Tuesday, July 12, 2011.  Elgin confirmed that Shope and her Mother lived with him at 15870 North Harmony Lane, in Mount Vernon, Illinois on July 8, 2009.  Having been born on May 23, 1989, Defendant Shope was only 20 years of age on July 8, 2009, the date of the incident mentioned in her Petition.  Coverage for Alexis Shope is thus expressly excluded under the terms of the Electric Insurance Policy.

By this declaratory judgment action, Electric Insurance claims it has no duty under Policy No. 6161528H1, or otherwise, to defend or indemnify any Defendant for any liability arising out of the Shope Litigation, as Shope is expressly excluded from coverage.

The Court hereby **GRANTS** Electric Insurance's motion (Doc. 19) and **FINDS**:

a.) judgment will be entered in favor of Plaintiff Electric Insurance and against Alexis Shope;

b.) Electric Insurance Company is not legally or contractually obligated to defend or indemnify Clarence Elgin from any claims alleged arising out of the injury of Alexis Shope, including but not limited to any and all claims arising out of the lawsuit and causes of action alleged in Cause No. 11-L-30, filed in the Circuit Court of Jefferson County, Illinois. The terms, conditions and exclusions of the Electric Policy preclude any coverage for any liability for the injuries and damages alleged in Cause No. 11-L-30.

The Court further **ORDERS** the Clerk of the Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:** March 26, 2012

s./ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**